¶ 1 I respectfully disagree with the majority as to a portion of its analysis and with the disposition of appellant Traveler Insurance's assignment of error. I would find that appellee is not an insured under the business auto policy and would, therefore, reverse the trial court on this issue.
 {¶ 2} The business auto coverage part declarations (marked as BAP 11 in the attachments to appellee's brief) under the heading of COVERAGE AND LIMITS OF COVERAGE states: "Coverage applies only to those autos shown as Covered Autos by entry of one or more symbols from SECTION I — COVERED AUTO OF THE BUSINESS AUTO COVERAGE FROM." The Covered Auto Symbol for uninsured motorists coverage is 6. The Business Auto Coverage Form (attachment BAP 15 to appellee's brief) indicates that the symbol "6" means "owned `autos' subject to a compulsory uninsured motorists law. Only those `autos' you own that because of the law in the state where they are licensed or principally garaged are required to have and cannot reject uninsured motorists coverage."
 {¶ 3} The UM/UIM coverage provided under the business auto policy is provided only to those insureds who are occupying an auto licensed or principally garaged in a state with a compulsory uninsured motorist law. Under the relevant Ohio law regarding UM/UIM coverage, one can reject UM/UIM coverage. Therefore, the UM/UIM endorsements referred to by the majority from 1990 and 1993 are not applicable to the appellee in the case sub judice.
 {¶ 4} Since the 1990 and 1993 UM/UIM endorsements do not apply in Ohio, UM/UIM coverage arises by operation of law. (I do agree with the majority that the UM/UIM Ohio Endorsement issued on January 11, 2002, is not applicable to the accident in the case sub judice which occurred on July 23, 2001.) One then looks to the liability portion of the business auto policy to determine who is an insured for purposes of UM/UIM coverage which arises by operation of law. The business auto policy liability portion defines an insured to include "you for any covered `auto'" and "anyone else while using with your permission a covered `auto' you own, hire or borrow except (exceptions omitted) " You means the named insured which, in the business auto policy, is AOL — Time Warner. This definition of "you" is not ambiguous in the liability portion of a policy and should not be extended to include employees of the corporation. The word "you" is not ambiguous in the liability portion of the policy because a corporation can be held liable for damages. "You" was found to be ambiguous in Scott-Pontzer because "you" was included in the definition of who is an insured in the express UM/UIM coverage at issue. In general, UM/UIM coverage provides coverage for bodily injury and a corporation cannot suffer bodily injury. Appellee, therefore, is not an insured under the liability portion of the business auto policy because she is not the corporation nor was she operating a covered auto with the permission of the corporation[1]. Therefore, appellee is not an insured for purposes of UM/UIM coverage which arises by operation of law.
 {¶ 5} I concur with the majority as to its analysis and disposition of cross-appellant Tara Brown's assignments of error.
[1] This is a different analysis for determining who is an insured when UM/UIM coverage arises by operation of law, than I have used in earlier opinions involving this issue.